### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MARTIN WIMBERLY**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 14-1208**

**HARVEY GULF INTERNATIONAL**                                    **SECTION "B"(5)**
**MARINE, LLC**

### ORDER AND REASONS

## I.   NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is a Motion for Partial Summary Judgment by Defendant.[1]  Plaintiff has filed a response in opposition.[2] Defendant has filed a reply.[3] The motion, set for submission on March 25, 2015 is before the Court on the briefings, without oral argument. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that the Motion for Partial Summary Judgment be **GRANTED** in part, and **DENIED** in part. **IT IS ORDERED** that Wimberly's claims for compensatory damages, punitive damages, and attorney's fees arising from Harvey Gulf's alleged failure to pay maintenance and cure be **DISMISSED.**

---

[1] Rec. Doc. No. 15.
[2] Rec. Doc. No. 16.
[3] Rec. Doc. No. 17.

## II.   FACTS AND PROCEDURAL BACKGROUND

This action arises under 46 U.S.C. § 30104, the Jones Act, and the General Maritime Laws.[4] On or about January 2, 2014, plaintiff, Martin Wimberly ("Wimberly") was an employee of defendant, Harvey Gulf International Marine, LLC, ("Harvey Gulf" or "Defendant") and working aboard the M/V HARVEY SAINT, when he suffered severe and excruciating injuries to his back, neck and other parts of his body, alleged to have been caused by the negligence of the defendant, and its employees and/or the unseaworthiness of the vessel.[5]

On May 28, 2014, Wimberly filed suit against Harvey Gulf, alleging claims for negligence; unseaworthiness; for maintenance and cure benefits; and for compensatory damages, attorney's fees and punitive damages for alleged failure to pay maintenance and cure benefits.[6] Defendant moves the Court for partial summary judgment, arguing that: plaintiff cannot establish the essential elements of his (1) negligence and (2) unseaworthiness claims and, (3) defendant has paid all maintenance and cure benefits.[7] The Court now reviews the facts, contentions, and the law with respect to the Motion for Partial Summary Judgment.

---

[4] Rec. Doc. No. 1 at 1.
[5] Rec. Doc. No. 1 at 1-2.
[6] Rec. Doc. No. 1 at 2-3.
[7] Rec. Doc. No. 15 at 1-2.

### III. ANALYSIS

a. Standard of Law: Partial Summary Judgment

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 749 (5th Cir. 2002). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R. Tres Arboles*, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013). A party cannot "defeat summary judgment with conclusory allegations, unsubstantial assertions, or 'only a scintilla of evidence.'" *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, 760 F.3d 477, 481 (5th Cir. 2014)*; TIG Ins. Co.*, 276 F.3d at 759.

The proponent of the motion always bears the initial burden of showing a lack of evidence to support his opponent's case. Fed. R. Civ. P. 56(c); *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014). Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. at 325. The

Court must draw all justifiable inferences in favor of the non-moving party. *TIG Ins. Co.*, 276 F.3d at 759. A court must refrain from making credibility determinations or weighing the evidence. *Celtic Marine Corp,* 760 F.3d at 481.

1. Negligence Claim

Plaintiff claims to have been injured as a result of the negligence of defendant and its employees.[8] Under the Jones Act, a seaman has a cause of action if an employer's negligence played any part, even the slightest, in producing an injury. *Gavagan v. U.S.*, 955 F.2d 1016, 1018 (5th Cir. 1992). A Jones Act employer has a duty to provide a reasonably safe place to work. *Daigle v. L & L Marine Trans. Co.*, 322 F.Supp.2d 717, 725 (E.D. La. 2004).[9] However, liability does not attach to a Jones Act employer for injuries suffered by its employees absent proof that the injury occurred during the course of employment, that there was negligence on the part of the employer, and that such negligence was the cause, in whole or in part, of the seaman's injury. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997)(en banc). Any failure of defendant to warn plaintiff of conditions of which he was, or should have been,

---

[8] Rec. Doc. No. 1 at 2-3.

[9] It appears to be undisputed that Harvey Gulf, Plaintiff's employer, owed him a duty of care to provide a safe work place or that the incident at issue occurred during the course of Plaintiff's employment. *Daigle v. L. & L Marine Trans. Co.*, 322 F.Supp.2d 717, 725 (E.D. La. 2005)(citing *Colburn v. Bunge Towing*, Inc., 883 F.2d 372, 374 (5th Cir. 1989)).

aware would not be negligence on the part of the defendant.[10] A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. *Gautreaux,* 107 F.3d at 339.

Defendant argues that Plaintiff's claims for negligence should be dismissed for lack of supporting evidence.[11] Defendant characterizes Plaintiff's negligence claim as follows: "he was required to handle a heavy wet line by [himself] because of the poor condition of the fuel dock and lack of assistance of the Dock Attendant," who is not employed by Harvey Gulf.[12] Defendant points to Plaintiff's deposition testimony to support its assertion, and argues that Plaintiff acknowledges that the tie-up was "standard procedure" and that he received instruction beforehand.[13]

The negligence claim is more involved. Wimberly claims to have suffered a back injury on January 2, 2014, while attempting to toss a wet two-inch nylon rope amidship in an effort to tie off or secure the vessel upon arrival at dock, a task which was understaffed and for which he received no training, despite having reported for work for the first time that same day.[14] Plaintiff also contends that the vessel's captain and senior

---

[10] Benedict on Admiralty, Vol. 1B, § 21-3 (Matthew Bender) .

[11] Rec. Doc. No. 15 at 1.

[12] Rec. Doc. No. 15-1 at 2 (internal quotations omitted).

[13] Rec. Doc. No. 15 at 3 (referencing Deposition of Martin Wimberly, Rec. Doc. No. 15-4 at 23). In his deposition testimony, Plaintiff does not state that he received instruction prior to undertaking the task at hand.

[14] Rec. Doc. No. 1 at 3.

deckhand, employees of Harvey Gulf, acted negligently and contributed to Plaintiff's injury.[15] The captain, Captain Roger Robinson improperly landed the vessel stern first,[16] failed to develop a plan for securing the vessel, to brief the crew, and to communicate the plan to a dockworker.[17]

Although Plaintiff acknowledges prior experience with nylon rope and the standard procedure for vessel tie-up without issue, Plaintiff states in this deposition testimony that "they wanted to use a different (doubling up) method this time, which required more rope,"[18] because the dock was in poor condition. Plaintiff had been attempting to "throw the line in the typical fashion, putting the loop around the bollard."[19] Plaintiff claims that the senior deckhand, Daniel Malina, directed him in lassoing the rope to the bollard in the (turning and twisting) manner or method.[20] As he threw the rope, made heavier by the rain, Plaintiff felt a pinch in the lower back and neck.[21]

---

[15] Rec. Doc. No. 16 at 3.

[16] Declaration of Captain James P. Jamison Pursuant to 28 U.S. § 1746, an expert witness with 50 years' experience in the maritime industry, who states that the "Captain should have tied-off bow first then used the vessel's main engines to bring her stern into the dock." Rec. Doc. No. 16-1 at 4.

[17] Rec. Doc. No. 1 at 2.-3.

[18] Rec. Doc. No. 15-4 at 23, Martin Wimberly Deposition (Exhibit B). Plaintiff describes the motion required as a "turning, twisting motion."

[19] Rec. Doc. No. 16-9 at 4, Martin Wimberly Deposition (Exhibit I).

[20] Rec. Doc. No. 1 at 2-3; Wimberly Deposition, Rec. Doc. No. 15-4 at 24 (Exhibit B);  Rec. Doc. No. 16 at 4. "We wanted to go around the bollard and tie it off one side to the bitt and the other end back to the boat, making a U-shape around the bollard." Rec. Doc. No. 16-9 at 6.

[21] Declaration of Martin Wimberly Pursuant to 28 U.S.C. § 1746, Rec. Doc. No. 16-8 at 3 (Exhibit H).

At issue here is whether there is evidence sufficient to create a factual dispute regarding whether Harvey Gulf was negligent. The U.S. Fifth Circuit Court of Appeals has stated that a seaman who simply points to safer methods, without showing that the method used by the employer is unsafe, does not demonstrate an employer's lack of ordinary prudence. *Lett v. Omega Protein, Inc.*, 487 Fed. App'x 839, 845 (5th Cir. 2012)(citing *Salis v. L & M Botruc Rental*, Inc., 400 Fed. App'x 900, 904 (5th Cir. 2010)).

Here, there is minimally sufficient evidence to support Plaintiff's contention that the method in which he was instructed by the senior deckhand was unsafe. Consistently, a medical report dated May 2, 2014, concludes: "[m]ost prominent findings identified at the C4-5 (cervical) level characterized by severe cord compression."[22] An earlier medical report, dated March 11, 2014 indicates "chronic anterior wedge compression at the thoracic level, as well as various bulge indents at the lumbar and thoracic levels.[23] As Defendant mischaracterizes Plaintiff's negligence claim, it fails to directly address Plaintiff's contention that the method was unsafe or to brief the specific issue of whether Plaintiff failed to utilize ordinary care by following the direction of the deckhand.

---

[22] Rec. Doc. No. 16-6 at 3 (Exhibit F), MRI Spine-Cervical, Martin Roy Wimberly.
[23] Rec. Doc. No. 16-5 at 2 (Exhibit E), MRI of the Lumbar Spine, Martin Wimberly.

On the Jones Act negligence claim, summary judgment must be denied. Genuine issues of material fact remain, *inter alia*, as to any safety training that Harvey Gulf either provided or failed to provide Wimberly beyond the standard procedure with which Wimberley was familiar; and, whether Malina negligently instructed Wimberly to perform the task at hand in an unsafe manner. *Cf. In re Two-J Ranch*, 534 F.Supp.2d 671, 685 (W.D. La. 2008).

2. Unseaworthiness Claim

Wimberly also seeks to recover damages from the Defendant because of the claimed unseaworthiness of the defendant's vessel.[24] A shipowner has an absolute duty to provide a seaworthy vessel. *Baker v. Raymond International, Inc.*, 656 F.2d 173 (5th Cir. 1981), *cert. denied*, 456 U.S. 983 (1982). Although the duty is absolute, it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539 (1960). The owner is not obligated to furnish an accident-free ship. *Id.*[25]

Unseaworthiness is a condition; there must be a showing that the vessel, her equipment, or crew is defective in some way. *Usner v. Luckenback Overseas Corp.*, 400 U.S. 494 (1971).

---

[24] Rec. Doc. No. 1 at 3.
[25] Fifth Circuit, 2014 Civil Jury Instructions, Admiralty: Unseaworthiness 4.5.

The duty includes supplying an adequate and competent crew for the task at hand. *Waldron v. Moore-McCormack Lines, Inc.*, 386 U.S. 724 (1967). In an action for unseaworthiness, plaintiff's burden to establish causation is more stringent. Plaintiff must show: (1) the act or omission played a substantial part in bringing about or actually causing the injury; and, (2) proximate cause, that is, that the injury was either a direct result or a reasonably probable consequence of the act or omission.[26]

Consistent with the negligence claim, Plaintiff claims an unsafe method of work rendered the vessel unseaworthy.[27] An unsafe method of work can render a vessel unseaworthy. *Rogers v. Eagle Offshore Drilling Services, Inc.*, 764 F.2d 300, 303 (5th Cir. 1985)(citing *Luneau v. Penrod Drilling Co.*, 720 F.2d 625 (5th Cir. 1983)). Given the evidence adduced, Plaintiff may barely be able to bear his burden in showing that the instruction on the method of work provided by a member of the crew, played a substantial part and directly resulted in the back injury. Considering that Plaintiff has responded with sufficient evidence to create a genuine issue of material fact as to whether the method of work was unsafe, the Court cannot

---

[26] Fifth Circuit, 2014 Civil Jury Instructions, Admiralty: Causation 4.6.
[27] Rec. Doc. No. 16 at 17.

conclude that Defendants are entitled to summary judgment on this claim.

> 3. Maintenance and Cure Claims

Defendant seeks dismissal of Plaintiff's claims for compensatory damages, attorney's fees and punitive damages on the basis that "there is no evidence that Harvey Gulf has willfully, wantonly, arbitrarily and capriciously denied Plaintiff maintenance or cure benefits."[28] Maintenance and cure provides a seaman who is disabled by injury or illness while in the ship's service with medical care and treatment and the means of maintaining himself while he is recuperating. *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015). "Maintenance is a daily stipend for living expenses," and can be recovered as wages, whereas "cure is the payment of medical expenses." *Id*. (quoting *Lodrigue v. Delta Towing, L.L.C.,* No. Civ.A.03-0363, 2003 WL 22999425, at *6 n. 51 (E.D.La. Dec. 19, 2003)). If the employer has shown callousness and indifference to, or willful and wanton disregard for, the seaman's injuries, it is liable for punitive damages and attorney's fees. *Bertram v. Freeport McMoran*, Inc., 35 F.3d 1008, 1012 (5th Cir. 1985); *see Atl. Sounding* Co., *Inc. v. Townsend*, 129 S.Ct. 2561, 2575 (2009).

---

[28] Rec. Doc. No. 15-1 at 13.

As Wimberly will have the burden of proof regarding his entitlement to maintenance and cure at the trial of this matter, he also bears the burden of proof at the summary judgment stage of these proceedings. *Joubert v. C&C Technologies, Inc.*, Civ. Action No. 6:04CV0723, 2005 WL 1830996, at *2 (W.D. La. 2005); *Freeman v. Thunder Bay Transp. Co., Inc.*, 735 F.Supp. 680, 681 (M.D. La. 1990). In order for Wimberly to carry his burden at the summary judgment stage of these proceedings, Wimberly must establish a genuine issue of material fact regarding Harvey Gulf's refusal to pay maintenance and cure by submitting or referring to evidence in the record. *Snyder v. L&M Botruc Rental, Inc.*, 924 F.Supp.2d 728, 736 (E.D.La. 2013). Wimberly must show that no genuine issue of material fact exists with respect to the wages to which he may be entitled; and the expenditures or liability incurred for medicines, nursing care, board and lodging. *Joubert*, 2005 WL 1830996, at *2; *see* M. Norris, The Law of Seaman § 26.21 (4th ed. 1985).

According to Harvey Gulf, Plaintiff has received maintenance benefits at the rate of $40 per day from January 16, 2014 until the present (March 10, 2015).[29] Further, Harvey Gulf sent cure payments to Plaintiff's medical providers, as well as a reimbursement payment to Plaintiff for out-of-pocket cure

---

[29] Rec. Doc. No. 15-1 at 15; Affidavit of Tami Johnston, Aucoin Claims Service, Rec. Doc. No. 15-6 (Exhibit D); Affidativit of Cheryl Bernet, Harvey Gulf International Marine, LLC, Rec. Doc. No. 15-5 (Rec. Doc. No. C).

expenses.[30]   Plaintiff   has   acknowledged   receiving   consistent maintenance payments.[31]

Plaintiff   concedes   that   his   claims   for   compensatory damages, punitive damages, and attorney's fees are presently not supported  by  the  facts  because  the  opposition  acknowledges: "[t]o  date,  Harvey  Gulf  has  paid  maintenance  and  cure  so  this matter  of  additional  damages  is  not  at  issue."[32]  According  to Plaintiff,  the  claim  was  plead  out  of  an  abundance  of  caution, and  cautionary  language  in  the  Complaint  is  not  basis  for summary  judgment.[33]  Summary  judgment  is  appropriate  here  as Plaintiff  has  not  carried  his  burden  of  proof  to  defeat  summary judgment. *Cf. Snyder*,  924  F.Supp.2d  at  737  (dismissing  claim  for maintenance  and  cure  on  motion  for  summary  judgment  where plaintiff  simply  claimed  that  defendant  begrudgingly  made payments  and  that  he  had  yet  to  reach  maximum  medical improvement).  Wimberly  has  pointed  to  no  evidence  in  the  record establishing  a  genuine  issue  of  material  fact  for  trial  that Harvey  Gulf  failed  to  fulfill  its  obligation  to  pay  maintenance and  cure.  Therefore,  summary  judgment  is  appropriate  to  dismiss Wimberly's  claims  for  compensatory  damages,  punitive  damages, and  attorney's  fees  for  failure  to  pay  maintenance  and  cure.  *Id*.

---

[30] Rec. Doc. No. 15-1 at 15; Affidavit of Tami Johnston, Aucoin Claims Service, Rec. Doc. No. 15-6 (Exhibit D).
[31] Rec. Doc. No. 15-4 at 60, Martin Wimberly Deposition (Exhibit D).
[32] Rec. Doc. No. 16 at 16-19.
[33] Rec. Doc. No. 16 at 16-19.

**IV.   CONCLUSION**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion for Partial Summary Judgment be **DENIED** in part, and **GRANTED** in part. **IT IS FURTHER ORDERED** that Wimberly's claims for compensatory damages, punitive damages, and attorney's fees arising from Harvey Gulf's alleged failure to pay maintenance and cure be **DISMISSED.**

New Orleans, Louisiana, this 27th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE